IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE SMITH, CG-6604,  )
    Petitioner,  )
                                   )
           v.  )    2:10-cv-48
                                   )
JOHN KERESTES, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.

    Willie Smith, an inmate at the State Correctional Institution Mahanoy has presented a petition for a writ of habeas. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Smith is serving a life sentence following his conviction by a jury of first degree murder at No. CP-37-CR-993-2003 in the Court of Common Pleas of Lawrence County, Pennsylvania. This sentence was imposed on September 3, 2004.[1]

    An appeal was taken to the Superior Court in which the issues, as set forth by that court were:

1. The trial court erred in determining that the jury questionnaire was appropriate where it failed to ask if a prospective juror could follow the law regarding the testimony of police officers.

2. The trial court erred by admitting autopsy photos of the victim that were not probative of the intent of the defendant.

3. The verdict is against the weight of the evidence where the only Commonwealth witnesses testifying as to the defendant's intent rendered inconsistent testimony.[2]

On November 23, 2005 the judgment of sentence was affirmed and a petition for allowance of appeal to the Pennsylvania Supreme Court was not filed.[3]

---

[1]  See: Petition at ¶¶ 1-6.
[2]  See: November 23, 2005 Memorandum of the Superior Court which is part of the state court records.

1

Smith filed a timely post-conviction petition and relief was denied on December 20, 2006.[4] An appeal was taken to the Superior Court in which the issues presented were:

1. Whether Appellant's PCRA counsel was ineffective for failing to call certain material witnesses on his behalf during the PCRA hearing?

2. Whether Appellant's PCRA counsel was ineffective for failing to properly raise and litigate the claim of racial discrimination in the jury selection process?

3. Whether Appellant's PCRA counsel was ineffective for failing to properly rise and litigate a claim challenging the trial court's instruction to the jury on first degree murder under the United States and Pennsylvania Constitutions?

4. Whether Appellant's PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness in waiving on direct appeal a claim challenging the weight of the evidence to support conviction under Pennsylvania law?

5. Whether Appellant's PCRA counsel was ineffective for failing to properly raise and litigate a claim challenging Appellant's conviction on first-degree murder under Pennsylvania law?

On February 20, 2008, the Superior Court vacated the denial of post-conviction relief in part and remanded the matter to the trial court. The Superior affirmed the denial of relief on the issues relating to the sufficiency of the evidence, the weight of the evidence, the failure to call PCRA witnesses, and jury instructions regarding alcohol/drug use by the petitioner but remanded for a determination of whether or not trial counsel was ineffective for not requesting a jury instruction of the issue of voluntary intoxication and racial discrimination in the jury selection process.[5]

On remand new counsel was appointed and a second post-conviction petition was filed. On November 14, 2008, relief was denied and subsequently an appeal to the Superior Court was filed in which the issues presented were:

I. Whether error was committed [by the post-conviction court] denying … [the] PCRA petition … in deciding that his claim does not meet the prerequisites for granting PCRA relief; including:

(A). Whether a violation of the Constitution of the United States and/or of the Commonwealth of Pennsylvania occurred in unlawfully sustaining petitioner's guilty verdict and conviction?

---

[3] See: Docket Sheet of the Court of Common Pleas of Lawrence County, CP-37-CR-33-2003 which can be found at http://ujsportal.pacourts.us.
[4] See: December 20, 2006 Opinion of the Court of Common Pleas which is part of the state court records.
[5] See: February 20, 2008 Memorandum of the Superior Court and p. 7 of respondent's brief.

> (B). Whether … appellant's guilty verdict and conviction have been unconstitutionally sustained as a result of prior defense (trial and/or PCRA) counsel ineffectiveness due to one or more of:
>
>> (i) A failure to pursue the claim that the jury venire unlawfully excluded a representative cross-section of the community.
>>
>> (ii) A failure to request a jury instruction (and/or to introduce further evidence) concerning the effect of intoxication on specific intent as it relates to the degree of murder.
>>
>> (iii) A failure to properly question (and/or retain) a gun ballistics expert witness regarding the possible malfunction of the involved weapon in misfiring to accidentally cause the death of the victim in this case.[6]

On June 3, 2009 the Superior Court affirmed the denial of relief and on November 13, 2009, leave to appeal was denied by the Pennsylvania Supreme Court.[7]

On December 10, 2009, Smith submitted another post-conviction petition. Shortly thereafter he filed the instant federal petition and requested a stay of action on the federal petition pending a resolution of his latest state petition. That request was granted. Meanwhile, on April 23, 2012, post-conviction relief was denied on the grounds of untimeliness and meritlessness.[8] That petition is presently the subject of an appeal to the Superior Court at No. 855 WDA 2012.

Following the dismissal of his third post-conviction petition, on May 16, 2012 Smith filed a motion to reopen his federal case and that motion was granted.[9] In his federal petition, executed on January 9, 2010, Smith alleges he is entitled to relief on the following grounds:

> I. Trial counsel was constitutionally ineffective in failing to request a jury instruction on intoxication/specific intent.
>
> II. Trial counsel was constitutionally ineffective in failing to properly question and/or retain a gun ballistics expert witness and for failing to properly question Trooper Hagins about a possible malfunction of the involved weapon.

---

[6] See: Brief for appellant at 2069 WDA 2008 which is part of the state court records.
[7] See: Pennsylvania Superior Court No. 2069 WDA 2008 and Supreme Court No. 307 WAL 2009 which are part of the state court records.
[8] See: Brief of respondents at p.16.
[9] Smith's subsequent request for an additional stay was denied. This does not bar a merits consideration, 28 U.S.C.§2254(b)(2).

III. Trial counsel was constitutionally ineffective in failing to challenge trial by all-white jury in violation of the U.S. Constitution.

IV. Trial counsel was constitutionally ineffective in failing to inform petitioner about the Commonwealth's plea offer to third degree murder which the petitioner only learned about at his post-conviction hearing.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1)

4

> "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

Since the state and federal standards for determining ineffectiveness of counsel are the same, Wertz v. Vaughn, 228 F.3d 178 (3d Cir.2000), cert. denied 532 U.S. 980 (2001), petitioner has exhausted the available state court remedies on his first three issues and they are properly before this court for consideration.

Smith's fourth contention is that counsel was ineffective for failing to notify him of a plea offer. Citing to the petitioner's assertions in his December, 2009 post-conviction petition that:

> On July 21, 2008, during post-conviction proceedings, Thomas W. Leslie, Esquire, testified under oath that he advised me to "take the plea (offer) to third degree murder." This is a blatant lie. Attorney Leslie never once discussed with me at any time that I should plead guilty to third degree murder. In fact, the first time that I learned of any plea offer existed was at the July 21, 2008 hearing…

5

In rejecting this contention, the post-conviction court determined that it was untimely, in that it could have been raised in the prior post-conviction proceedings.[10]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to raise this issue in a timely manner in the state courts and no further consideration of this issue is warranted here.

The background to this prosecution is set forth in the November 23, 2005 Memorandum of the Superior Court:

> Smith was charged with and convicted of first-degree murder after fatally shooting the victim in the head. Smith admitted that he shot the victim; however, he defended the case on the ground that he never intended to kill the victim, but merely attempted to strike the victim with a gun.[11]

With this background in mind, we address the petitioner's first, second and third issues contending that counsel was ineffective.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive

---

[10] See: Court of Common Pleas Memorandum of April 23, 2012 pp.6-7 which is part of the state court records.
[11] See: November 23, 2005 Memorandum of the Superior Court at pp.1-2 which is part of the state court records.

and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Smith's first claim of ineffective counsel arises from his allegation that counsel failed to request a jury instruction on intoxication/specific intent. This issue was set forth in his post-conviction petitions. On February 28, 2008, the Superior Court remanded this issue finding "there is arguable merit to the claim." Following the post-conviction hearing, the court wrote:

> At the hearing on the Defendant's Motion for Post-Conviction Collateral Relief, trial counsel explained his reasons for not requesting a jury instruction of voluntary intoxication and not presenting evidence of Defendant's level of intoxication at the time of the shooting. Trial counsel testified that he did a substantial amount of research on voluntary intoxication because he viewed that as the best way to handle this case, but that the Defendant was persistent in his claim that the killing was an accident. The Commonwealth offered the Defendant a plea to third degree murder and trial counsel presented the offer to the Defendant and explained to him that this was a reasonable plea under the circumstances, but the Defendant planned to testify at trial that he only intended to strike the victim with the gun and it accidently went off in the process. Trial counsel testified that presenting the jury evidence of Defendant's intoxication negates the accident defense, because if Defendant was not capable of forming the intent to commit murder, then he was not capable of forming the intent to hit the victim with the gun. The two arguments are inconsistent with one another. The Defendant testified that he had formed the intent to go across the street to intentionally hit the victim with the gun and that the gun accidentally went off. To that regard, trial counsel would be attacking the credibility of the Defendant by asking him questions that would show that he was too drunk to know what happened. Evidence of intoxication in this case would be in direct contradiction to the testimony of Defendant in that the gun went off accidentally after he intended to hit the victim with the gun…
>
> [T] record established that Defendant agreed with counsel's strategy, and after the jury's question about the effects of intoxication on the degree of murder counsel told the Defendant it was not too late to request an instruction on intoxication which more than likely would lead the jury to a verdict of third degree murder, but the Defendant again stated he only wanted a verdict of involuntary manslaughter.[12]

---

[12] See: November 14, 2008 Opinion at pp.8-10 which is part of the state court records.

From the above recitation, it is readily apparent that counsel was engaging in sound defense strategy and for this reason cannot be deemed to have been ineffective, Rolan v. Vaughn, supra, and this allegation does not present a basis for relief here. In addition, the task of resolving credibility issues rests with the fact finder, and are not subject to review here. Chavos v. Smith, 565 U.S. 1 (2011). Thus, the findings of the trial court demonstrate that there is no basis for Smith's claim.

Smith's next contention is that trial counsel was constitutionally ineffective in failing to properly question and/or retain a gun ballistics expert witness and for failing to properly question Trooper Hagins about a possible malfunction of the involved weapon. In reviewing this allegation, the post-conviction court wrote:

> Counsel explained that he did not call his own ballistics expert as a witness because, in his opinion, the Commonwealth's expert was sufficient to verify that it was possible that the gun could have accidentally went off when it stuck the tree trunk. Trial counsel explained he needed an expert to corroborate that it is possible for the gun to fire with a loose clip and the Commonwealth's expert verified that point on cross examination. Counsel did not think it was necessary to retain his own expert because there was no indication that there was anything wrong with the gun, only that it accidentally went off as the Defendant was holding it.[13]

Thus, any additional evidence would have been merely cumulative and in no way able to lend any added credence to the defense. For this reason, as a matter of sound defense strategy, counsel cannot be deemed to have been ineffective. Rolan v. Vaughn, supra.

Finally, petitioner alleges that trial counsel was constitutionally ineffective in failing to challenge trial by all-white jury in violation of the United States Constitution. In Batson v. Kentucky, 476 U.S. 79 (1986), the Court instructed that while an individual does not not have a right to a jury composed in whole or in part of members of his own race, an equal protection violation arises when persons of the defendant's race are purposefully excluded on racial grounds.

In its November 14, 2008 Opinion, the post-conviction court summarized:

> At the PCRA hearing, trial counsel testified he did not have any specific recollection of the jury selection proceedings, but that to his knowledge there were no African American jurors in the jury pool, nor were there any African Americans actually on the Defendant's jury. When trial counsel was asked why he did not object to the lack of African Americans in the jury pool he stated that

---

[13] Id. at p.11.

>to show a violation of the Sixth Amendment you have to show not only do you have a specific group and not only is the Defendant a member of that specific group, but you have to show there was some kind of intentional removal or intentional manner of removing African Americans from the jury pool and that he has raised that issue in other cases and it has always been determined that the way Lawrence County does their jury selection that there is no systematic elimination of African Americans. The record reflects that there was an original jury pool of approximately 339 individuals in the trial term in which this case was tried and out of that jury pool there were roughly twelve to fifteen African Americans in the original jury panel which equates to roughly 3.83 percent of that particular jury pool. The Defendant was randomly assigned his particular jury pool from those original 339 and it just so happened that none of the members of the jury pool assigned to Defendant's case were African Americans. In Lawrence County, a computer randomly selects names for the original jury pool, therefore, there is no way for the system to include or exclude persons based on race.
>
>At the time of Defendant's trial jury panels were selected by voter registration lists. The Pennsylvania Supreme Court has repeatedly held that a criminal defendant may not attack the racial composition of jury panels drawn from voter registration lists on the theory that African Americans are underrepresented… Since the record indicates that the panels were formed by computer generated lists without regard to race, and since voter registration lists have been established as an acceptable source of such lists, there is nothing of record to indicate that the panels were improperly formed with respect to the race of prospective jurors.[14]

For this reason there was no basis to challenge the jury and counsel cannot be deemed to have been ineffective for failing to raise this issue. <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010).

Thus, the petitioner has failed to demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved and unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      An appropriate Order will be entered.

---

[14] Id. at pp.4-5.

ORDER

AND NOW, this 13th day of August, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Willie Smith for a writ of habeas corpus (ECF. 4) is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge