IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE SMITH, CG-6604,  )
    Petitioner,  )
                                                                                                                            )
            v.  )                    2:10-cv-48
                                   )
JOHN KERESTES, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.

    Willie Smith, an inmate at the State Correctional Institution Mahanoy has presented a petition for a writ of habeas (ECF No.4). We initially dismissed the petition (ECF No. 24) and following an appeal, the Court of Appeals remanded upon determining that:

> The District Court relied on Coleman [v. Thompson, 501 U.S. 722 (1991)] and did not consider the impact of Martinez [v.Ryan, 132 S.Ct. 1309 (2012)] on Smith's claim that his trial counsel was ineffective for failing to communicate the plea offer to him. We will remand for the District Court to determine in the first instance whether Martinez excuses Smith's procedural default and, if so, to rule on the merits of his underlying ineffectiveness claim. See Atkins v. Holloway, 792 F.3d 654, 660 (6th Cir. 2015)(explaining this procedure).

For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Smith is serving a life sentence following his conviction by a jury of first degree murder at No. CP-37-CR-993-2003 in the Court of Common Pleas of Lawrence County, Pennsylvania. This sentence was imposed on September 3, 2004.[1]

    An appeal was taken to the Superior Court in which the issues, as set forth by that court were:

1. The trial court erred in determining that the jury questionnaire was appropriate where it failed to ask if a prospective juror could follow the law regarding the testimony of police officers.

---

[1] See: Petition at ¶¶ 1-6.

2. The trial court erred by admitting autopsy photos of the victim that were not probative of the intent of the defendant.

3. The verdict is against the weight of the evidence where the only Commonwealth witnesses testifying as to the defendant's intent rendered inconsistent testimony.[2]

On November 23, 2005 the judgment of sentence was affirmed and a petition for allowance of appeal to the Pennsylvania Supreme Court was not filed.[3]

Smith filed a timely post-conviction petition and relief was denied on December 20, 2006.[4] An appeal was taken to the Superior Court in which the issues presented were:

1. Whether Appellant's PCRA counsel was ineffective for failing to call certain material witnesses on his behalf during the PCRA hearing?

2. Whether Appellant's PCRA counsel was ineffective for failing to properly raise and litigate the claim of racial discrimination in the jury selection process?

3. Whether Appellant's PCRA counsel was ineffective for failing to properly raise and litigate a claim challenging the trial court's instruction to the jury on first degree murder under the United States and Pennsylvania Constitutions?

4. Whether Appellant's PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness in waiving on direct appeal a claim challenging the weight of the evidence to support conviction under Pennsylvania law?

5. Whether Appellant's PCRA counsel was ineffective for failing to properly raise and litigate a claim challenging Appellant's conviction on first-degree murder under Pennsylvania law?

On February 20, 2008, the Superior Court affirmed on all issues but vacated the denial of post-conviction relief in part and remanded the matter to the trial court for a determination of whether or not trial counsel was ineffective for not requesting a jury instruction of the issue of voluntary intoxication and racial discrimination in the jury selection process.

---

[2] See: November 23, 2005 Memorandum of the Superior Court which is part of the state court records.
[3] See: Docket Sheet of the Court of Common Pleas of Lawrence County, CP-37-CR-33-2003 which can be found at http://ujsportal.pacourts.us.
[4] See: December 20, 2006 Opinion of the Court of Common Pleas which is part of the state court records.

On remand new counsel was appointed and a second post-conviction petition was filed. On November 14, 2008, relief was denied and subsequently an appeal to the Superior Court was filed in which the issues presented were:

> I. Whether error was committed [by the post-conviction court] denying … [the] PCRA petition … in deciding that his claim does not meet the prerequisites for granting PCRA relief; including:
>
> (A). Whether a violation of the Constitution of the United States and/or of the Commonwealth of Pennsylvania occurred in unlawfully sustaining petitioner's guilty verdict and conviction?
>
> (B). Whether … appellant's guilty verdict and conviction have been unconstitutionally sustained as a result of prior defense (trial and/or PCRA) counsel ineffectiveness due to one or more of:
>
>> (i) A failure to pursue the claim that the jury venire unlawfully excluded a representative cross-section of the community.
>>
>> (ii) A failure to request a jury instruction (and/or to introduce further evidence) concerning the effect of intoxication on specific intent as it relates to the degree of murder.
>>
>> (iii) A failure to properly question (and/or retain) a gun ballistics expert witness regarding the possible malfunction of the involved weapon in misfiring to accidentally cause the death of the victim in this case.[5]

On June 3, 2009 the Superior Court affirmed the denial of relief and on November 13, 2009, leave to appeal was denied by the Pennsylvania Supreme Court.[6]

On December 10, 2009, Smith submitted another post-conviction petition. Shortly thereafter he filed the instant federal petition and requested a stay of action on the federal petition pending a resolution of his latest state petition. That request was granted. Meanwhile, on April 23, 2012, post-conviction relief was denied on the grounds of untimeliness and lacking merit.[7] The denial of post-conviction relief was affirmed on July 9, 2013 as being untimely.[8] Allowance of appeal was denied on February 19, 2014.

---

[5] See: Brief for appellant at 2069 WDA 2008 which is part of the state court records.
[6] See: Pennsylvania Superior Court No. 2069 WDA 2008 and Supreme Court No. 307 WAL 2009 which are part of the state court records.
[7] See: Brief of respondents at p.16.
[8] See: Petitioner's Appendix at pp. 249-254.

Following the dismissal of his third post-conviction petition, on May 16, 2012 Smith filed a motion to reopen his federal case and that motion was granted.[9] In his federal petition, executed on January 9, 2010, Smith alleges he is entitled to relief on the following grounds:

> I. Trial counsel was constitutionally ineffective in failing to request a jury instruction on intoxication/specific intent.
>
> II. Trial counsel was constitutionally ineffective in failing to properly question and/or retain a gun ballistics expert witness and for failing to properly question Trooper Hagins about a possible malfunction of the involved weapon.
>
> III. Trial counsel was constitutionally ineffective in failing to challenge trial by all-white jury in violation of the U.S. Constitution.
>
> IV. Trial counsel was constitutionally ineffective in failing to inform petitioner about the Commonwealth's plea offer to third degree murder which the petitioner only learned about at his post-conviction hearing.

We concluded that the petitioner's first three issues were meritless, and also concluded that Smith's fourth contention, that counsel was ineffective for failing to notify him of a plea offer, was procedurally defaulted under Coleman. The matter has been remanded solely for consideration of this claim in light of Martinez.

The background to this prosecution is set forth in the November 23, 2005 Memorandum of the Superior Court:

> Smith was charged with and convicted of first-degree murder after fatally shooting the victim in the head. Smith admitted that he shot the victim; however, he defended the case on the ground that he never intended to kill the victim, but merely attempted to strike the victim with a gun.[10]

With this background in mind, we address the issue of whether counsel was ineffective in failing to communicate the prosecution's plea offer. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of

---

[9] Smith's subsequent request for an additional stay was denied. This does not bar a merits consideration, 28 U.S.C.§2254(b)(2).
[10] See: November 23, 2005 Memorandum of the Superior Court at pp.1-2 which is part of the state court records.

4

reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In Martinez the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct, at 1320.

Pennsylvania generally requires claims of ineffective assistance of counsel be raised in the collateral proceeding. Com. v. Bozic, 997 A.2d 1211 (Pa.Super), leave to appeal denied 608 Pa. 659 (2010), cert. denied 131 S.Ct. 2939 (2011). While we recognize that this issue was not raised as such at the initial post-conviction hearing, nevertheless, the merits of the claim were specifically considered.

At the post-conviction hearing held on July 21. 2008, the petitioner testified that he had no recollection of defense counsel informing him of an offer to permit him to plead to third degree homicide; that he never informed counsel that because of his age he regarded a third degree sentence as equivalent to a life sentence; that he never informed counsel that he would accept a plea of manslaughter, and that if he had discussed this matter with counsel he believed such communication to be privileged (Appx. pp.131,133). Trial counsel testified that he had urged the petitioner to accept a plea to third degree homicide with an agreed upon eight year sentence but that the petitioner regarded this as equivalent to a life sentence; that the defense was

5

predicated on the petitioner's claim that the homicide was accidental and for this reason petitioner would only accept a manslaughter plea (Appx. 145-152).

While this issue was not specifically addressed in the post-conviction court's November 14, 2008 Opinion (Appx. 181-193), following the submission of a third post-conviction petition, a hearing was conducted on December 1, 2010 (Appx. 224-233). Following that hearing, on April 23, 2012 the post-conviction court wrote that "the defendant's sole contention is that trial counsel was ineffective for failing to convey a guilty plea bargain offer to defendant" (Appx. 234). The court then determined that this third post-conviction petition was time-barred as well as without merit (Appx. 247). However, the court clarified:

> This Court also finds that defendant's claim that he was not advised of a guilty plea offer was previously litigated in the Second Amended PCRA petition proceedings in that this Court accepted the testimony of trial counsel that Defendant was not interested in a disposition that involved murder of the third degree. As trial counsel noted, defendant said "I don't want third degree." Defendant has filed the pending petition for post-conviction collateral relief raising the issue of ineffectiveness of trial counsel for failing to advise defendant of a guilty plea bargain offer for third degree murder. Implicit in the Court's decision on the Second Amended Petition on whether trial counsel failed to request a jury instruction concerning the effect of intoxication on specific intent as it related to the degree of murder was the Court accepting the testimony of trial counsel and rejecting that of the defendant where their testimony conflicted (Appx. 244).[11]

Martinez insures that a defendant has an opportunity to challenge the effectiveness of trial counsel. This challenge clearly occurred in the post-conviction proceedings in state court and there is no basis for disputing the conclusions reached. For this reason Martinez is not applicable here.

However, even if Martinez was applicable, the factual determination made by the state court that the plea offer had been extended to Smith, is based on a credibility determination and presumptively correct here. Felkner v. Jackson, 131 S.Ct. 594 (2011); 28 U.S.C.§ 2254(e)(1). Again, there is no basis for contesting this finding.

---

[11] In its Opinion of November 14, 2008, the post-conviction court citing trial counsel's post-conviction hearing testimony wrote "The Commonwealth offered the Defendant a plea to third degree murder and trial counsel presented the offer to the Defendant and explained to him that this was a reasonable plea under the circumstances, but the Defendant planned to testify at trial that he only intended to strike the victim with the gun and it accidentally went off in the process." (Appx. 188).

6

Accordingly, because petitioner has failed to demonstrate that conviction was secured in any manner contrary to federal law and determined by the Supreme Court nor involved an unreasonable application of that law, he is not entitled to relief here. For this reason, his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.


Filed:  June 7, 2016                                         s/ Robert C. Mitchell
                                                             United States Magistrate Judge.